## HENRY RICE *versus* DANIEL WILKINS.

If an attorney, who has received merely general orders to secure a demand, delivers the writ, with written orders thereon to attach sufficient property, to an officer for service, and at the same time gives verbal directions to the officer to attach certain property, and to take therefor the receipt of a person named, such officer cannot be holden to produce the property attached, to be taken on the execution, if he has acted in accordance with the directions thus given.

And such directions are not disobeyed, should the officer in the receipt of the person named require him to deliver the property attached "on demand *after judgment.*"

If orders be given by the creditor to an attorney "to obtain immediate security" for a demand, the whole manner of doing it, is left to the discretion of the attorney, and the creditor is bound by his acts.

A deputy sheriff, who has given bond for the faithful discharge of his duties, but who has been released by the sheriff from all claim by reason of any default alleged in the suit, is a competent witness for the sheriff in an action against him for the default of the deputy.

THIS action was brought against the defendant as late sheriff of the County of Penobscot for the default of Henry B. Farnham, his deputy, in not keeping and delivering on demand certain property by him attached and returned on two writs, in favor of the plaintiff against Samuel A. Gilman, one dated March 12, 1836, and the other, Sept. 5, 1836.

The plaintiff introduced the writs. On the back of the first were written these words, "Mr. Officer. Secure by attaching personal property, goods, &c. by order of the creditor. S. & A.;" and on the other, "Mr. Officer. Attach sufficient personal property. S. & A." The writs were indorsed, "George Starrett, Moses L. Appleton," and were in the handwriting of Mr. Appleton. Farnham returned an attachment, under date of March 12, 1836, of "goods, wares and merchandize to the value of twelve hundred dollars," without naming any article; and on the second, an attachment of various articles of merchandize named, but not separately valued, "being all to the amount of twelve hundred dollars." The plaintiff also proved that judgments were recovered in said suits, executions issued thereon, and the property duly demanded of Farnham by the

proper officer, having the executions, within thirty days after judgment, and a refusal to deliver the same.

The defendant then introduced, as a witness, Farnham, the deputy who made the attachments, who was objected to on the ground of interest; and he then produced a release from the defendant to himself, discharging him from all claim by reason of any default alleged in this action.    The plaintiff still objected to his competency, but the objection was overruled by TENNEY J. presiding at the trial.    Farnham testified, that he thought, about March 12, 1836, George Starrett, Esq. then one of the firm of Starrett & Appleton, attorneys at law, but since deceased, gave him a writ for service, *Henry Rice* v. *Samuel A. Gilman,* which Starrett, having read his instructions, said he wanted secured ; that he did not wish to break up the young man in business ; that if S. A. Gilman would give his father's paper on sixty days, that the witness might take it, and if not, attach his goods in the store, and take his father as receipter ; that the father was a man of property, and worth fifty or sixty thousand dollars.    Farnham further stated, that he went over with the writ; that the debtor's father refused to give the sixty days paper, and he attached the goods, and took the debtor's father as receipter; that he then came back to Starrett & Appleton's office, and Starrett said it must be good, for he considered Mr. Gilman worth fifty or sixty thousand dollars.    Farnham further testified, that in Sept. 1836, Mr. Starrett, gave him another writ in favor of the same against the same, with the same directions as the first ; that he told Starrett that the goods had been attached by others on other suits ; that Starrett said to him he might notwithstanding attach them, and get the old gentleman's receipt ; that he then went into the store, sent for the old gentleman, who gave his receipt therefor ; that he then returned to Starrett's office ; that he received his directions in both cases from Starrett; that he thought Mr. Appleton was not present in the office ; and that subsequently he gave the receipts to Mr. Appleton, who commenced suits thereon.    The plaintiff objected to the admission of this testimony, the grounds of objection not be-

ing stated, but it was admitted by the presiding Judge. In the last mentioned receipt, the promise was to deliver the property " on demand after judgment."

The plaintiff then proved that the first note was sent by him to S. J. Foster, in a letter, dated March 8, 1836, and that Foster handed the note and letter to Messrs. Starrett & Appleton. The part of the letter relating to the note follows, " Enclosed you have Samuel A. Gilman's note for $743,25, for which I wish you to obtain immediate security. I have another note against him payable in six months for the same amount, but make sure of securing this, if it can be done." There was other testimony in the case, in some degree conflicting with that of Farnham.

The Judge instructed the jury, that the evidence introduced by the plaintiff, (and which was stated generally,) if believed, entitled the plaintiff to their verdict, unless the defendant, taking upon himself the burthen, gave them reasonable satisfaction, that Farnham followed the instructions given him by the plaintiff's counsel; that on a fair construction of the letter of March, 1836, the attorneys of the plaintiff were authorized to direct the officer who had the writs to attach property, and take receipts of a responsible person as one kind of security ; that if Farnham followed the directions of the attorneys, or either of them, in attaching the property and taking the receipts of Allen Gilman, and the doings of Farnham were afterwards approved by the attorneys or either of them, or if Farnham took the receipts in pursuance of the verbal directions of the attorneys or either of them, given after the directions on the writs and before the service of the writs, it was a defence to the action, even if they did not find, that the doings of Farnham were afterwards approved by the attorneys, or either of them ; and that in coming to a result on this question, they were at liberty to take into consideration the evidence touching the conduct of Farnham and the attorneys of the plaintiff, or either of them, in relation to the receipts after the same had been taken by Farnham, and after they had been delivered to the plaintiff's attorney. The verdict was for the defend-

ant. If Farnham was not a competent witness, or if any of the rulings and directions of the Judge were erroneous, the verdict was to be set aside.

*Cutting* and *M. L. Appleton* argued for the plaintiff.

They contended that the release did not render Farnham a competent witness for the defendant. It did not discharge the claim of the sheriff on the bond of the deputy for this default. If his sureties pay, they will have a claim against the witness. His interest therefore remains after the release. *Dickey* v. *Sleeper*, 13 Mass. R. 244; 8 Coke, 99, (b.); Com. Dig. Bail, G; 4 Hen. & Munf. 293; 1 Bailey, 501, 535; 1 Ld. Raym. 690; 3 Mod. 415, 551.

The parol evidence was inadmissible to control the written instructions on the back of the writ. The testimony is, that the verbal directions were given at the same time, the writ was handed to the officer with the written instructions. If no written instructions had been given, the officer would not have been liable for any omission to attach property. He cannot be charged for neglecting to obey verbal instructions to attach property. St. 1829, c. 445; Rev. Stat. c. 151, § 4; *Betts* v. *Norris*, 3 Shepl. 468.

The testimony of Farnham was inadmissible, because it goes to contradict his own return. *Gardner* v. *Hosmer*, 6 Mass. R. 325.

The instruction of the Judge to the jury, that Starrett was authorized by the plaintiff's letter, to take the course said by Farnham to have been taken, was erroneous. The instructions were communicated to the officer before the service of the writ. Therefore, whether an attorney acting under a general authority has this power or not, the officer knew that Mr. Starrett had none. The letter is plain and explicit, and gives no such power.

An attorney without express permission has no power to authorize, so as to bind his client, an officer to take the receipt of any one individual whatever for property attached by him. An attorney cannot compromise the rights of his client in this

respect.   He may make himself responsible to the officer, but he cannot waive or destroy the rights of the creditor.   It is no part of the duty of an attorney, in the collection of a debt, to absolve the officer from the obligation imposed upon him by law.   *Lewis* v. *Gamage*, 1 Pick. 346 ; *Langdon* v. *Potter,* 13 Mass. R.  319 ; 1 Porter, 212 ; 5 Randolph, 639 ; *Parker* v. *Downing*, 13 Mass. R. 465 ; 14 Sergt. & R. 307 ; *York Bank* v. *Appleton*, 5 Shepl. 55 ; *Springer* v. *Whipple*, ib. 351.

The instructions of the attorney, as stated by Farnham, himself, were not followed in relation to the second writ.  They did not authorize him to take a receipt for property to be delivered only after judgment.   This was an important departure from instructions, because it effectually prevented the plaintiff from obtaining security of the receipter on the receipt until after judgment was obtained against the debtor.

The defence set up in this case is against the policy of the law.   The sheriff and his deputies are officers of the law, and their duties are prescribed by it.   Parties should not be permitted to impose upon the officer burthens which the law does not require ; nor should the officer be allowed to bargain for a less onerous office than the law imposes.   Nor should the officer be exposed to the temptation of coming into Court, and by his own testimony throwing the consequences of his own neglect of duty upon the attorney.

*J. Appleton,* for the defendant, was stopped by the Court.

It was said, that the main questions in this case had been argued in the county of Washington in 1841, and that an opinion, favorable to the defendant, had been prepared, and was to be delivered in that case (*Jenney* v. *Delesdernier*, 2 Appl. 183,) on the ensuing week.

The opinion of the Court was drawn up by

TENNEY J. — The orders in writing upon the writs required the officer, to whom they were directed, to attach sufficient personal property.   The directions, given by one of the plaintiff's attorneys, authorized him, on failure to obtain a certain

note as security, to take the receipt of Allen Gilman, the father of the debtor, for the goods, which he was directed to attach. It is unnecessary here to inquire, whether an officer is excused for omitting to observe written orders upon writs, when he follows those afterwards given, which are verbal and inconsistent with the former; for those which were written in this case were in nowise varied by the others; and both were fully complied with.

Was the direction of one of the attorneys, to take the receipts of Allen Gilman for the goods attached, sufficient to protect the officer for so doing, and exonerate him from liability for not retaining the property? In the case of *Jenney* v. *Delesdernier*, 20 Maine R. 183, it has been decided by this Court, that an attorney has power to approve a receipt taken by an officer, for goods attached; *a fortiori*, is the officer justified in taking a receipt in pursuance of and obedience to the instructions, given by the attorney, at the time, when the writ was delivered to him; the orders to attach and to take a receipt were here simultaneous, and the officer has as much right to protection by a compliance with the latter, as he was bound to act in obedience to the former.

Did the Judge err in the construction put upon the plaintiff's letter to S. J. Foster of the 8th of March, 1836? This letter was a direction to secure the demand enclosed, both of which were at the same time given to the plaintiff's attorneys. It required no specific kind of security, and therefore the whole was left to the discretion of the attorneys in that respect; and the case referred to, authorized the course taken by them, and the plaintiff was bound thereby.

It is insisted, that as the receipt taken in the last case is an engagement, to deliver the property described therein, "on demand after judgment," and it not appearing to have been exhibited, or its terms made known, to the attorneys or either of them, and not being approved, the instruction of the Judge was erroneous, inasmuch as the officer had no direction to take the receipt in the terms used. The object of the attachment was, that there might be property secured, to satisfy the judg-

ment sought to be obtained. No doubt of Allen Gilman's ability to meet his engagement in the receipt was manifested by the attorney, who authorized taking the receipt, after an attachment, which, from the evidence reported, must have been expected to be only nominal. No use could have been made of the property returned upon the writ, for the purpose of satisfying the debt without consent of parties, till after judgment. As the direction to the officer contained no time, when the receipter should be holden to re-deliver the property, we think the officer was warranted in presuming that the attorney had no wish, that it should be restored to his possession till needed to satisfy the judgment and execution. The terms of the receipt we think were in compliance with the directions given.

Was the officer, who made the attachments, a competent witness after he was released by the defendant? It is contended that he was not released from his bond, and that his sureties are still holden to the defendant, and they have a remedy upon the officer for the amount, which they may pay to the defendant. When the witness is discharged from all damages and costs arising out of this suit, we are unable to perceive how he can be holden therefor on the bond which is embraced in the terms used. How can any cause of action be prosecuted against the sureties on the bond, when that cause is cancelled by a release as effectually as it would be by payment?

If the defendant had given time to the principal on the bond for the payment of such sum as might be recovered against him, without the consent of his sureties, they would be discharged. They must be equally so, when he has released the principal entirely and absolutely, and thereby taken from them the remedy against him, if they could otherwise be holden. It has long since been settled in this State and Massachusetts, that an officer, for whose default an action is brought against the sheriff, is a competent witness for the defendant in the action after being released by him. *Jewett* v. *Adams*, 8 Greenl. 30.

*Judgment on the verdict.*